**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Dino Montelongo, | ) | No. CV-08-1694-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| City of Phoenix, et al., | ) | |
| Defendants. | ) | |

The court has before it defendants' motion to dismiss (doc. 4), plaintiff's response (doc. 13), and defendants' reply (doc. 17).

**I**

On December 22, 2004, plaintiff was arrested on charges of child molestation and was incarcerated for nearly three years in the Maricopa County Jail without a conviction or trial. On October 1, 2007, all of the charges against him were dismissed and he was released from jail the following day. On September 15, 2008, plaintiff filed a *pro se* complaint, alleging that the detectives investigating his case ignored inconsistent and exculpatory evidence, illegally entered and searched his apartment without a warrant, conspired to hide exculpatory evidence, and failed to present exculpatory evidence to the grand jury. He asserts violations of his constitutional rights under 42 U.S.C. § 1983, and state law claims of negligent supervision, negligence per se, and intentional infliction of emotional distress.

1    Defendants move to dismiss the complaint, contending that plaintiff's claims are
2 barred by the statute of limitations and Arizona's notice of claims statute, A.R.S. § 12-
3 821.01. Defendants also contend that plaintiff's § 1983 and negligence per se claims fail to
4 state a claim upon which relief can be granted.

**II**

6    Section 1983 claims are subject to the same statute of limitations as state law claims
7 for personal injury, Wilson v. Garcia, 471 U.S. 261, 276, 105 S. Ct. 1938, 1947 (1985),
8 which in Arizona is two years. A.R.S. § 12-542. Plaintiff's state law claims against the City
9 of Phoenix and its employees must have been brought within one year after the cause of
10 action accrued. See A.R.S. § 12-821. Arizona's notice of claim statute requires a plaintiff
11 with a claim against a public entity or employee to first file a notice of claim within 180 days
12 after the cause of action accrues. A.R.S. § 12-821.01.

13    The central question with respect to both the statute of limitations and notice of claims
14 issues is the relevant accrual date of the claims. Generally, a cause of action accrues when
15 the plaintiff "knows or has reason to know of the injury which is the basis of the action."
16 Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir. 1994); see also Zuck v. State, 159
17 Ariz. 37, 40-41, 764 P.2d 772, 775-76 (Ct. App. 1988). The accrual date of a § 1983 claim,
18 however, "depends upon the substantive basis of the claim." Cabrera v. City of Huntington
19 Park, 159 F.3d 374, 380 (9th Cir. 1998). A § 1983 claim that challenges the validity of a
20 conviction or confinement does not accrue unless and until the conviction or confinement has
21 been invalidated. Id. In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), the
22 United States Supreme Court held that "in order to recover damages for allegedly
23 unconstitutional conviction or imprisonment, or for other harm caused by actions whose
24 unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove
25 that the conviction or sentence . . . has already been invalidated." Id. at 486-87, 144 S. Ct.
26 at 2372. In other words, the claim is not cognizable under § 1983 until the conviction or
27 sentence is invalidated. Id. at 487, 144 S. Ct. at 2372; Cabrera, 159 F.3d at 380.

- 2 -

1      On October 17, 2005, while plaintiff was still incarcerated, he filed a complaint
2  asserting essentially the same § 1983 claims presented here.[1] See Montelongo v. Barker, No.
3  05-CV-3271 (D. Ariz. Oct. 17, 2005). The court dismissed the complaint without prejudice,
4  concluding that under Heck v. Humphrey plaintiff's claims would necessarily implicate the
5  validity of his criminal proceedings or confinement, and therefore, until plaintiff could show
6  that his criminal proceedings were dismissed or that he had been acquitted of the charges, his
7  claims were "premature." Id. at doc. 8.

8      We also conclude that the § 1983 claims presented in the present complaint
9  necessarily implicate the validity of plaintiff's criminal charges and confinement. In essence,
10 plaintiff asserts claims of false arrest and false imprisonment lacking in probable cause and
11 stemming from a faulty investigation by detectives who allegedly ignored inconsistent and
12 exculpatory evidence, illegally entered and searched his apartment without a warrant,
13 conspired to hide exculpatory evidence, and failed to present exculpatory evidence to the
14 grand jury, all of which led to his grand jury indictment. Such allegations, if proven, would
15 have necessarily invalidated plaintiff's arrest and detention. Therefore, plaintiff's claims
16 under § 1983 were not cognizable until the charges against him were dismissed on October
17 1, 2007, and accordingly his claim did not accrue and the statute of limitations did not begin
18 to run, until that date. Plaintiff filed the present action on September 15, 2008, well within
19 the two-year statute of limitations period. Accordingly, plaintiff's § 1983 claims are not
20 time-barred.

21     Heck v. Humphrey, however, only applies to § 1983 claims—it does not apply to
22 plaintiff's state law claims. Rather, state law defines when state law claims accrue. Plaintiff
23 has cited no authority, and we have found none, establishing that Arizona has adopted the
24 federal Heck rule for determining accrual of state law claims. Therefore, plaintiff's state law
25 claims accrued "when [he] realized he . . . has been damaged and [knew] or reasonably

---

28     [1]Plaintiff did not allege any state law claims in his first action.

- 3 -

1  should know the cause, source, act, event, instrumentality or condition which caused or
2  contributed to the damage." A.R.S. § 12-821.01(B).

3        Plaintiff asserts claims of intentional infliction of emotional distress, negligence per
4  se, and negligent supervision. None of these claims requires a favorable termination of the
5  underlying charges in order to proceed. According to plaintiff's allegations, all of
6  defendants' challenged conduct occurred on or about December 22, 2004, the date of his
7  arrest, or within several weeks after the arrest during the investigation of the charges.
8  However, plaintiff did not file his complaint until September 15, 2008, almost four years
9  after his arrest and incarceration. He does not allege that he did not discover defendants'
10 conduct until years later. Instead, he either knew or should have known of the facts giving
11 rise to his claims long before he filed his complaint. See A.R.S. § 12-821 (imposing one-
12 year statute of limitations on claims against a public entity or employees). For the same
13 reasons, plaintiff's filing of his notice of claims on March 27, 2008, did not comply with the
14 180-day deadline imposed by the notice of claims statute. See A.R.S. § 12-821.01. We
15 conclude that plaintiff's state law claims are barred by the statute of limitations and the notice
16 of claims statute.

17 **III**

18       Defendants also contend that plaintiff's § 1983 claims fail to state a claim against the
19 City of Phoenix and its officers because plaintiff failed to allege that his constitutional rights
20 were violated by a policy, practice, or custom of the municipality, or that there is a direct
21 causal link between the municipal action and the alleged constitutional violation. See Monell
22 v. Dept. of Soc. Servs., 436 U.S. 658, 691, 98 S. Ct. 2018, 2036 (1978). Plaintiff alleges in
23 his complaint, however, that the City's policies, procedures and customs caused the
24 constitutional deprivation. Complaint ¶¶ 26, 27. He further alleges that the City of Phoenix
25 failed to properly train and supervise its officers, proximately causing the deprivation of
26 plaintiff's constitutional rights Id. This is sufficient for purposes of Rule 8(a), Fed. R. Civ.
27 P.

28

Defendants also contend that the complaint fails to adequately state a § 1983 cause of action against Officers Bell and Acosta in their individual capacities because plaintiff does not specify which of his constitutional rights were violated. Plaintiff's complaint can be fairly read to allege, however, that he was falsely arrested and incarcerated without probable cause and that he was deprived of his due process rights.[2] Complaint ¶ 13. Again, though inartfully pled, this is sufficient to meet the pleading requirements of Rule 8(a), Fed. R. Civ. P.

### IV. Conclusion

Based on the foregoing, **IT IS ORDERED GRANTING** defendants' motion to dismiss the state law claims, and **DENYING** the motion to dismiss the § 1983 claims (doc. 4).

DATED this 8th day of January, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

---

[2] Contrary to plaintiff's argument in response to the motion to dismiss, Response at 10, the complaint cannot be fairly read to allege a violation of his 8th Amendment rights.