**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dino Montelongo, | No. CV-08-1694-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| City of Phoenix, et al., | |
| Defendants. | |

The court has before it defendants' motion for reconsideration (doc. 26), plaintiff's response (doc. 38), and defendants' reply (doc. 43).

Plaintiff was arrested on December 22, 2004, and spent nearly three years in jail without a conviction or trial. On October 17, 2005, before the present action was filed and while he was still incarcerated, plaintiff filed a complaint alleging that defendants violated his constitutional rights by ignoring inconsistent and exculpatory evidence, illegally entering and searching his apartment, conspiring to hide exculpatory evidence, and failing to present exculpatory evidence to the grand jury, in violation of 42 U.S.C. § 1983. See Montelongo v. Barker, No. 05-CV-3271 (D. Ariz. Oct. 17, 2005). The court dismissed the complaint without prejudice, concluding that under Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), until plaintiff could show that his criminal proceedings were dismissed or that he had been acquitted of the charges, his claims were "premature" (doc. 8). Two years later, on

1  October 1, 2007, the charges against plaintiff were dismissed and he was released from jail.
2  Within one year of his release, on September 15, 2008, plaintiff filed the instant action
3  asserting essentially the same federal claims presented in his first complaint.

4  On January 9, 2009, we entered an order granting defendants' motion to dismiss
5  plaintiff's state law claims, determining that these claims are barred by Arizona's statute of
6  limitations and notice of claim statute (doc. 18).  We declined to dismiss plaintiff's § 1983
7  claims, however, concluding that under Heck v. Humphrey, plaintiff's claims were not
8  cognizable until the charges against him were dismissed.  Accordingly, we held that the
9  statute of limitations did not begin to run until plaintiff's release from jail on October 1,
10 2007, and that his present complaint was filed well within the two-year statute of limitations
11 period.  Almost two months after entry of our order, defendants filed a motion for
12 reconsideration, citing for the first time Wallace v. Kato, 549 U.S. 384, 127 S. Ct. 1091
13 (2007), and arguing that Heck v. Humphrey does not apply to the facts of this case.

14 In Wallace v. Kato, the Supreme Court held that the Heck v. Humphrey bar does not
15 extend to claims of false arrest and false imprisonment.  549 U.S. at 389, 127 S. Ct. at 1096.
16 The Court explained that the tort of false arrest/false imprisonment arises out of detention
17 without legal process, and therefore the statute of limitations for such a claim begins to run
18 at the time the claimant becomes detained pursuant to legal process, "for example, [when]
19 he is bound over by a magistrate or arraigned on charges."  Id.

20 Based on Wallace, the defendants now argue for the first time that plaintiff's cause
21 of action accrued on January 12, 2005, the date of his arraignment, and because he did not
22 file the instant complaint within two years of that date, his § 1983 claims are barred.
23 Although recognizing the applicability of Wallace, we conclude that, based on the
24 extraordinary and inequitable circumstances of this case, the statute of limitations is equitably
25 tolled until the date of plaintiff's release from jail and therefore his § 1983 claims are timely.
26

27 Section 1983 does not contain its own statute of limitations.  Instead, federal courts
28 borrow the forum state's statute of limitations applicable to personal injury claims.  Torres

- 2 -

1  v. City of Santa Ana, 108 F.3d 224, 226 (9th Cir. 1997).  State law also governs the
2  application of tolling doctrines.  Wallace v. Kato, 549 U.S. at 394, 127 S. Ct. at 1098; Torres,
3  108 F.3d at 226.

4        Arizona courts recognize equitable exceptions to the application of a statute of
5  limitations when necessary to prevent injustice.  Nolde v. Frankie, 192 Ariz. 276, 279, 964
6  P.2d 477, 480 (1998).  Under Arizona's equitable tolling doctrine, "plaintiffs may sue after
7  the statutory time period for filing a complaint has expired if they have been prevented from
8  filing in a timely manner due to sufficiently inequitable circumstances."  McCloud v. State,
9  217 Ariz. 82, 87, 170 P.3d 691, 696 (Ct. App. 2007).  The tolling of a statute of limitations
10 for equitable reasons requires a finding of extraordinary circumstances.  Id.  We believe this
11 case presents extraordinary circumstances.

12       Plaintiff timely filed his first § 1983 action within one year of accrual of his claims.
13 He was instructed by the court, however, that under Heck v. Humphrey, his claims were
14 premature until the charges against him were dismissed.  The court then dismissed his
15 complaint in full.  As instructed, plaintiff waited until all charges against him were dismissed,
16 and again, within one year of his release, he re-filed his claims.  However, after dismissal of
17 his first complaint and while he was still incarcerated, the Supreme Court issued its decision
18 in Wallace v. Kato, limiting the application of Heck v. Humphrey.

19       Plaintiff now finds himself in the paradoxical situation of having had timely claims
20 dismissed as premature and having re-filed claims challenged as time-barred.  This is not a
21 case where a plaintiff has "slept on his rights."  Instead, plaintiff has diligently and in good
22 faith pursued his claims.  Justifiable reliance on a court's order and an intervening
23 clarification of the law have resulted in plaintiff's present dilemma.  Defendants claim
24 prejudice because these claims are now over four years old and speculate that evidence may
25 not have been preserved.  However, this presumed prejudice does not outweigh the clear
26 prejudice to plaintiff resulting in a complete loss of his cause of action.  We conclude that
27 under these circumstances, equitable tolling is warranted.  Plaintiff's § 1983 claims are
28 timely.

1   **IT IS ORDERED DENYING** defendants' motion for reconsideration (doc. 26).

2   DATED this 14th day of April, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge