**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dino Montelongo, ) | No. CV-08-1694-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| City of Phoenix, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

The court has before it plaintiff's motion for leave to amend the complaint to add a claim of malicious prosecution (doc. 36), and defendants' response (doc. 44). Plaintiff did not file a reply in support of his motion.

Under Rule 15(a)(2), Fed. R. Civ. P., a party may amend a complaint after a responsive pleading has been served, "only with the opposing party's written consent or the court's leave." We must grant leave to amend "when justice so requires." Id. A motion for leave to amend may be denied if it appears to be futile or legally insufficient. Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). We apply the same standard for determining the legal sufficiency of a proposed amendment that we apply in deciding a Rule 12(b)(6) motion. Id.

In order to state a § 1983 claim for malicious prosecution, a plaintiff must allege that state or local officials "improperly exerted pressure on the prosecutor, knowingly provided misinformation to him, concealed exculpatory evidence, or otherwise engaged in wrongful

1 or bad faith conduct that was actively instrumental in causing the initiation of legal
2 proceedings." Awabdy v. City of Adelanto, 368 F.3d 1062, 1067 (9th Cir. 2004) (citation
3 omitted).
4     Plaintiff now seeks to amend his complaint by adding a claim for "Violation of 42
5 U.S.C. § 1983 – Malicious Prosecution and Wrongful Use of the Judicial Process." At the
6 same time, however, he deletes from his amended complaint all of the factual allegations that
7 would support that claim. See Proposed Amended Complaint ¶ 34 (omitted). The only
8 remaining allegation that would even arguably support a claim for malicious prosecution is
9 that "the Defendants, under color of state law, yet without probable cause and due process,
10 unlawfully conspired to deprive Plaintiff of his rights and of his liberty." Proposed Amended
11 Complaint ¶ 13. This is wholly inadequate. "[A] plaintiff's obligation to provide the
12 'ground' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a
13 formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v.
14 Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (citation omitted). The
15 proposed amended complaint is legally insufficient to state a claim for malicious prosecution
16 and therefore the amendment is denied.

17     **IT IS ORDERED DENYING** plaintiff's motion to amend (doc. 36).
18     DATED this 1st day of May, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge